HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. The arbitration provision is not limited to “[a]ny dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof .” The entire arbitration provision signed by Ethel Carson reads as follows:
“PRE-DISPUTE BINDING ARBITRATION AGREEMENT
“ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO ANY BENEFITS OR COVERAGE HEREUNDER OR THE BREACH THEREOF, SHALL BE SETTLED BY BINDING ARBITRATION IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS OF THE AMERICAN ARBITRATION ASSOCIATION AND IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT. THE ARBITRATION SHALL BE HELD BEFORE AN ARBITRATOR APPOINTED PURSUANT TO THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS. JUDGEMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. ALL STATUTES OF LIMITATION THAT WOULD OTHERWISE BE APPLICABLE SHALL APPLY TO ANY ARBITRATION PROCEEDING.
“I (WE): (1) HAVE READ; (2) UNDERSTAND; (3) RECEIVED A COPY *706 OF; AND (4) ACCEPT THE TERMS OF THE PRE-DISPUTE BINDING ARBITRATION AGREEMENT WHICH COVERS THE FOLLOWING AS PERTAINS TO LOAN NUMBER 171813
“ *LOAN CONTRACT AGREEMENT
“ *ANY AND ALL INSURANCES
“ *ANY ELECTIVE MEMBERSHIPS”
Although this phrase was not included in the trial court’s quote of the arbitration provision, it is clear that the arbitration provision applies to “any and all insurances” pertaining to Carson’s loan. As the trial court stated, Carson’s claim against Liberty Finance arises from the alleged requirement that she purchase unneeded insurance in order to obtain a loan. Therefore, the arbitration provision embraces Carson’s claims, and that provision should be enforced.